CARMEN SACARELLO, Plaintiff and Appellee, v. RICARDO RUBIO, Defendant and Appellant.

No. 6129.—Argued January 12, 1933. Decided April 18, 1933.

González Fagundo & González Jr. for appellant. R. H. Blondet for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for alimony. Carmen Sacarello alleged that she had obtained a final decree of divorce; that she had

made efforts to obtain from her divorced husband, Ricardo Rubio, the necessary means of support without success; that Rubio owned property which was yielding him a net monthly income of not less than $400, and she prayed that the court render judgment directing him to pay her a monthly allowance of $150.

The defendant interposed demurrers to the complaint which were overruled, and he thereupon answered said complaint reproducing the demurrers, and denying that the plaintiff had made efforts to obtain any allowance for maintenance from him, or that he had an income of $400 a month. He averred that the entire income from his maternal inheritance amounted to $264.66 a month. As special defenses he reproduced what he had already set up regarding his income, and alleged that there were several civil actions pending against him in the District Courts of Humacao and San Juan; that he had no profession or lucrative employment, and that the plaintiff was a strong, young woman and able to work, having already been employed on different occasions as a store clerk in San Juan.

The issues having thus been joined, the plaintiff asked the court to include the case in a special calendar that was to be called on January 29, 1932. This was done, and it was agreed that the case should be conducted in accordance with the procedure provided for actions of unlawful detainer. The first hearing was held both parties being present, and the second hearing was set for the 2nd of February following.

The defendant, through his new attorneys, asked that the hearing set for February 2nd be postponed, and the plaintiff consented. A new setting was made and on February 17, 1932, the defendant filed a motion which in its pertinent part reads as follows:

"That in this case the complaint was filed through the ordinary action provided by the Code of Civil Procedure, and that in spite of this a first hearing was set for January 29th at which the parties appeared and offered evidence.

"That now this case has been set for the 19th of the current month without having been included in the calendar, and without complying with the rules in force governing such cases.

"That the alimony in this case is claimed under section 109 of the Civil Code (1930 ed.), and therefore this is a question which should be considered within the divorce action, since, according to sections 142 and following of the Civil Code, the plaintiff would have no right to an award of alimony.

"That for the reasons above stated this court lacks jurisdiction to hear and determine this case, especially in the form in which the proceedings have been conducted."

The plaintiff opposed this motion as follows:

"That it is true that in this case the complaint was filed through the ordinary action provided by the Code of Civil Procedure, but that by agreement of the plaintiff's attorney with those who were then the attorneys for the defendant, a first hearing was set for the offering of the evidence, and a date for a second hearing was set.

"That said second hearing was not held pursuant to an agreement between the present attorneys for the defendant and for the plaintiff.

"That the defendant's attorney submitted the decision of this case to summary action by appearing at the first hearing, by offering evidence therein jointly and in agreement with the plaintiff, and by not objecting at that time, which was the proper time to object, to the procedure of the summary action.

"That this action has been filed in accordance with the provisions in sections 177, 212, and following, of the Revised Civil Code, and in accordance with the decision in *Morales* v. *Rivera*, 8 P.R.R. 442, *Puigdollers* v. *Monroig*, 14 P.R.R. 756, and *Capifaly* v. *Lloveras*, 33 P.R.R. 768."

The motion was denied, and the case was finally decided against the defendant by a judgment that directed him to pay to the plaintiff a monthly allowance for maintenance amounting to $75. It is from this judgment that the defendant has taken the present appeal, in which five errors are assigned which we will consider and decide jointly. The main objection is to the procedure followed. It is insisted that a motion should have been made within the divorce action, and that no independent action should have been brought.

. We know what has happened. A complaint was filed to which the defendant demurred, thus submitting himself to the jurisdiction of the court. An ordinary action had been brought, but before the case came up for trial, it was proceeded with according to the procedure for unlawful detainer, a first hearing having been set at which both parties appeared and presented their evidence.

In our opinion no error was committed. What the parties and the court did was to adapt the proceedings to the provisions of section 84 (Title VII, First and only Chapter— Temporary Maintenance) of the Act of Special Legal Proceedings of 1905, to wit: "All claims for temporary maintenance shall be governed by the procedure for actions of unlawful detainer."

The fact that the case was entitled "Permanent Alimony" makes no difference. The title does not change the nature of a thing; and the nature of an award for maintenance is always provisional and transitory for as long as the situation that impelled the court to grant it shall exist.

It seems to be the view of the appellant that in a case like the present one, unless the matter involved is raised by motion within the divorce action, the court will lose its jurisdiction to modify its judgment where circumstances may so require. What has already been said is enough to hold that this is not so. Whether the case is decided on motion, or following the procedure for unlawful detainer, or in an ordinary action, the court retains jurisdiction to consider the case again in the light of circumstances that may arise in the future.

This Supreme Court since 1908, in the case of *Puigdollers* v. *Monroig,* 14 P.R.R. 756, has held (to quote from the syllabus) as follows:

"In an action for alimony, the rules of procedure to be followed in an action of unlawful detainer should govern with respect to the filing of the complaint and the introduction of evidence in accordance with the provisions of section 84 of the act relating to special legal proceedings, approved March 9, 1905.

"Where a district court grants alimony it has jurisdiction to set aside or modify its order so doing, whenever in accordance with the provisions of section 177 of the Civil Code the circumstances justify such action, and such an order may be sought by means of a motion made during the principal suit, without the necessity of filing a separate complaint for the purpose.

"The granting of alimony cannot be considered as *res judicata* but the losing party may always reopen the case."

Ten years later the husband again raised the question in the district court. He was heard and the case was tried in the light of the circumstances then existing. Thereupon he took an appeal to this Court, which decided the same as follows (quoting from the syllabus of the case):

"The defendant having moved to be relieved from the payment of the alimony which he was adjudged to pay because the evidence showed that there was no further need therefor, it was held that the sum of fifty dollars fixed as the plaintiff's alimony was not proportional to the means of the defendant and the needs of his divorced wife and therefore that instead of reducing or revoking the alimony it should be increased to seventy-five dollars, which does not exceed one-third of the defendant's income." *Puigdollers* v. *Monroig*, 26 P.R.R. 274.

It is not only the jurisprudence, but the statute itself which expressly provides that an award for maintenance may be vacated in these cases. Second paragraph of section 109 of the Civil Code, 1930 ed.

Having thus disposed of the question of procedure, let us consider the case on its merits. In upholding the claim of the divorced wife in this case, the trial court based itself on the pleadings, the evidence, and the law.

The law that regulates the subject is clear. It is enough to refer to it without comment. It is contained in said section 109 of the Civil Code, 1930 ed., which reads as follows:

"If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence the District Court may allow her, in its discretion, an alimony out of the property of her divorced husband, which alimony shall not exceed one-third of his income.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts second marriage."

We have examined the evidence and it clearly shows, in our opinion, that the wife does not have sufficient means of support, and that the husband owns property, including leased lands which yield him a net monthly income amounting to $264.76. Therefore, the award of $75 per month fixed by the court, is less than one-third of the income that he receives from this source alone.

For the sake of accuracy, it seems proper to add that the defendant appeared at the second hearing, but refrained from presenting any evidence, maintaining that the court lacked jurisdiction. The defendant's own words when the plaintiff started to present her evidence by introducing a certified copy of the divorce judgment, were as follows:

"Mr. González Fagundo: Your Honor, consistent with our position, we object to the admission of that evidence, because we understand that this court is without jurisdiction to entertain this case, on the ground that any question that shall arise after a divorce judgment must be considered within the divorce proceedings."

We have already decided that the court had jurisdiction; and that it acted with the expressed consent of the original attorneys for the defendant, who appeared at the first hearing and consented that the case be governed by the procedure for actions for unlawful detainer. In addition, even though at the second hearing the defendant, through his present attorneys, adopted the attitude that we have just noted, and which attitude he made known every time that a document was presented in evidence, or a witness was called, it is nevertheless true that he took part in the trial in several instances. We will cite one taken from the transcript of the evidence, thus:

"Where is your husband now?—In Colombia.—Is he not in Puerto Rico?—No, sir.—Is he on a business trip?—Pleasure trip.—Defendant: That is immaterial. I move that it be striken out.—Judge: It may be striken out."

The judgment appealed from must be affirmed.